UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CYNTHIA COONES, individually and as surviving parent and representative of the estate of Jace Coones, deceased, <br><br> Plaintiff, <br><br> v. <br><br> BEVERLY COGBURN, et al., <br><br> Defendants. | No. 1:22-CV-090-H |

## OPINION AND ORDER DENYING PLAINTIFF'S EXPEDITED MOTION TO COMPEL

Before the Court is Cynthia Coones's expedited motion to compel. Dkt. No. 11. Coones seeks to compel the defendants to produce the names of the guards and Texas Department of Criminal Justice (TDCJ) staff who were or should have been on duty—or who interacted with her son Jace Coones—from August 28, 2020, until his death on August 31, 2020. *Id.* at 6. She seeks this information so she can bring claims against those individuals before the statute of limitations runs. *Id.* As the presently named defendants have each filed a motion to dismiss asserting the defense of qualified immunity, and the Court has not yet decided the merits of those motions, recent Fifth Circuit precedent bars Coones from seeking discovery at this time. The Court therefore denies her motion.

1. **Factual and Procedural Background**

Coones filed her complaint in this matter on June 19, 2022. Dkt. No. 1. She alleges that her son Jace Coones died as a result of heat exhaustion due to improper care while incarcerated at the Wallace Unit of the TDCJ. *Id.* ¶¶ 21–24. As the representative of Jace Coones's estate, she brings claims against the defendants, including two medical

professionals and a prison warden, under 42 U.S.C. § 1983 for alleged constitutional violations. *Id.* ¶¶ 8–11, 28–29. She also brings claims against the defendants under the Texas Wrongful Death Statute and Texas Tort Claims Act, as well as medical malpractice claims against defendants Cogburn and Baker. *Id.* ¶¶ 33–34.

Defendants Cogburn and Baker appeared and jointly filed an answer. Dkt. No. 8. Their answer asserts qualified immunity as an affirmative defense. *Id.* at 6. On the same day, they also filed a motion to dismiss, which alleges that, as employees of a governmental entity hospital, qualified immunity shields them from suit under 42 U.S.C. § 1983. Dkt. No. 7 at 4. Defendant Warden Cueto filed a separate motion to dismiss. Dkt. No. 10. His motion similarly contends that Coones has not alleged any facts to overcome the presumption of qualified immunity. *Id.* at 10. Coones has until August 29, 2022 to respond to the motions to dismiss or to amend her complaint. Dkt. No. 14.

On August 10, 2022, Coones filed an expedited motion to compel production of certain records, reports, and other documentation containing the names of the guards and TDCJ staff who were on duty or interacted with Jace Coones from August 28, 2020, until his death on August 31, 2020. Dkt. No. 11 at 3–5. She requests these documents before the statute of limitations—which she believes to expire at the end of the month—expires and bars her from suing others named in the reports. *Id.* at 6. The defendants responded, arguing that the Fifth Circuit's recent decision in *Carswell v. Camp*, 37 F.4th 1062, 1066–67 (5th Cir. 2022), *pet. for reh'g en banc filed July 15, 2022*, precludes discovery until the Court resolves the qualified-immunity defense raised in their motions to dismiss. Dkt. Nos. 15 at 1–2; 16 at 4.

In reply, Coones implies that *Carswell* should not hold precedential weight since the Fifth Circuit has ordered a response to the plaintiff's petition for *en banc* review of the case. Dkt. No. 18. at 6. She also argues that *Carswell* does not apply to facts where, as here, the requested discovery would protect the plaintiff from forfeiting her claims and would not substantially burden the defendants. *Id.* at 7. With briefing complete, Coones's motion to compel is ripe for review.

2.   **General Standards of Review for Expedited Discovery**

As a general rule, no party to a lawsuit may seek discovery before the parties confer under Federal Rule of Civil Procedure 26(f) to discuss the possibility of resolving their claims and, if trial proves necessary, develop a discovery plan. Fed. R. Civ. P. 26(d)(1) (providing a general timeline for discovery). In some cases, however, a court may permit early discovery upon a party's motion. *Id.*; *Northstar Offshore Ventures, LLC v. Tana Expl. Co.*, No. 3:18-CV-2025-N, 2018 WL 3970616, at *7 (N.D. Tex. Aug. 20, 2018). Although neither the Federal Rules of Civil Procedure nor the Fifth Circuit has specified a standard for reviewing such motions for expedited discovery, courts have generally applied either a (1) preliminary-injunction-style analysis or (2) good-cause analysis. *Cook v. City of Dallas*, No. 3:12-CV-03788-P, 2012 WL 13191445, at *2 (N.D. Tex. Nov. 9, 2012).

Under a preliminary-injunction-style analysis, the party seeking expedited discovery must show "(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury a party will suffer if the expedited relief is granted." *Id.* (quoting *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 386 (E.D. Wis. 2009)). Under a good-cause

analysis, the moving party must show that, based on the totality of the circumstances, "the need for expedited discovery[,] in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *St. Louis Grp. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)).

3. **The standard applicable in the qualified-immunity arena is stricter and bars Coones's request at this time.**

Qualified immunity has historically protected public officials from the burdens of suit, including "pretrial discovery which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Still, until recently, courts maintained that a defendant asserting a qualified-immunity defense at the pleading stage cannot circumvent *all* discovery—only discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). For instance, when a plaintiff pled facts in her complaint that, if true, could defeat a qualified-immunity defense, but the court needed further factual clarification before resolving a motion to dismiss, it could allow narrow discovery surrounding just those facts relevant to immunity. *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014). Courts invoked this "careful procedure" to ensure that only plaintiffs who had stated a plausible claim for relief could subject an immunity-asserting public official to the burdens of discovery. *Backe*, 691 F.3d at 648.

Careful or not, the Fifth Circuit eliminated this procedure in *Carswell*. 37 F.4th at 1066. It held that "a plaintiff asserting constitutional claims against an officer must survive the motion to dismiss (and the qualified immunity defense) *without any* discovery." *Id.* This rule "admits of no exceptions," forbidding even "minimally intrusive discovery" unless and until a court determines the plaintiff has overcome the qualified-immunity defense at the pleading stage. *Id.* at 1067–68. It is not enough, according to *Carswell*, to stay discovery

only as it relates to the issue of qualified immunity; *all* discovery must wait until resolution of the motion to dismiss. *Id.* at 1068. This is because qualified immunity should protect a defendant not just from liability, but from suit itself. *Id.* at 1065 (citing *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)).

Coones's motion to compel discovery cannot stand in light of *Carswell*. The defendants have filed motions to dismiss, each asserting the defense of qualified immunity. Dkt. Nos. 7 at 4; 10 at 10. Coones has not responded to those motions, and the Court certainly has not made any determination concerning their merits. Because the Court has not yet decided whether Coones has alleged facts in her complaint to overcome the qualified-immunity defense as to each defendant, under *Carswell*, the outcome is clear: no discovery can be permitted at this stage.

Coones argues that the Court should grant her motion because her requests would only minimally burden the defendants, while enabling her to formulate a complaint that best achieves full and fair recovery. Dkt. Nos. 11 at 4–6; 18 at 7. But the strict language of *Carswell* preempts the Court from considering her argument, whether under a preliminary-injunction or good-cause analysis. Neither framework applies to a motion to compel discovery before a court has ruled on the merits of a motion to dismiss based on qualified immunity. Rather, *Carswell* controls.

Coones tries to distinguish her case by noting that *Carswell* did not involve discovery needed for the plaintiff to bring her claims in the first place. Dkt. No. 18 at 7. Coones is correct. In *Carswell*, the plaintiff sought to depose immunity-asserting defendants in their capacities as witnesses in other actions, and her ability to bring those actions did not depend on completing the depositions. *See Carswell*, 37 F.4th at 1068. But the *Carswell* court did not

concern itself with the stakes of the requested discovery. In fact, just the opposite: the Fifth Circuit declared that the rule against discovery before resolution of qualified immunity at the pleading stage "admits of no exceptions." *Id.* at 1067. It thus expressly overruled the line of cases allowing for even narrowly tailored discovery at that point in the proceedings. *Id.* This Court understands Coones's fear of losing her chance to be heard if the statute of limitations runs before she can obtain records that might implicate others in her son's death. Unfortunately, no matter the purpose or extent of the discovery she seeks at this stage, *Carswell* bars it.

Lastly, Coones seems to suggest that because the Fifth Circuit ordered a response to the plaintiff's petition for *en banc* review of *Carswell*, this Court should not apply its holding here. Dkt. No. 18 at 6. But only the Fifth Circuit's *granting* of a rehearing *en banc* provides grounds for vacating the panel opinion and staying the judgment of the court. 5th Cir. R. 41.3 ("Unless otherwise expressly provided, the granting of a rehearing *en banc* vacates the panel opinion and judgment of the court and stays the mandate."). Here, the Fifth Circuit has not granted the petition for such a hearing. *See Carswell v. Camp*, No. 21-10171 (5th Cir. July 18, 2022). In fact, no judge has called for a vote on the matter. *See id.*; Fed. R. App. P. 35(f). The Fifth Circuit merely directed the defendant to respond to the plaintiff's petition for *en banc* review. *Carswell*, No. 21-10171. Unless and until the Fifth Circuit grants the petition, *Carswell* retains its precedential value. *See United States v. Pineda-Ortuno*, 952 F.2d 98, 102 (5th Cir. 1992). Thus, it applies here.

4.   **Conclusion**

The Fifth Circuit held in *Carswell* that a plaintiff may not seek discovery while a defendant's motion to dismiss based on qualified immunity remains pending. This rule

expressly applies to these facts. Defendants Cogburn, Baker, and Cueto have each asserted a qualified-immunity defense in their respective motions to dismiss. The Court has not yet resolved the motions to dismiss. Therefore, under *Carswell*, the Court cannot grant Coones any discovery at this time. While the Court recognizes that Coones may lose her opportunity to bring claims against other parties when the statute of limitations runs, she had nearly two years to pursue her claims. For one reason or another, she filed a complaint only recently. Had the Court received earlier notice of the suit, and thereby more time to address the outstanding motions to dismiss, perhaps Coones might have ultimately obtained the discovery she seeks. But that did not happen. And this Court cannot ignore current Fifth Circuit precedent. Coones's motion to compel is therefore denied.

So ordered on August 26, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE